IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA MOLNAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:12-CV-1228-SPM |
| | ) |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application

of Plaintiff Laura Molnar for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act").

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed for disability benefits on July 13, 2009, claiming she became disabled on

December 4, 2008, due to bipolar disorder and major depression. At the time she applied for

benefits, Plaintiff claimed that she was laid off due to her condition after working as a graphic

artist for the same specialty advertising company for fourteen years. Plaintiff, who is college

educated, also held prior positions as a photo composer.

Plaintiff's application was initially denied, and she requested a hearing before an

administrative law judge ("ALJ"). On October 26, 2010, Plaintiff appeared and testified at a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should
therefore be substituted for Michael J. Astrue as the defendant in this case.

hearing before an ALJ. At the hearing, the ALJ requested additional records and held the record open pending receipt of the requested records.

On April 7, 2011, the ALJ issued her written decision, in which she concluded that notwithstanding severe impairments of affective disorders and history of substance abuse, Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b). The ALJ further found Plaintiff would be limited to unskilled work but could understand, remember, and carry out at least simple instructions and non-detailed tasks; adapt to routine/simple work changes; and take appropriate precautions to avoid hazards. The ALJ concluded Plaintiff was not disabled because, although Plaintiff had established that she could not return to her past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform in light of her age, education, work experience, and residual functional capacity.

Plaintiff requested Appeals Council Review of the ALJ's decision and submitted additional records, including medical source statements from Plaintiff's treating psychiatrist, Dr. Park, and licensed psychologist, Dr. Fawcett. The Appeals Council incorporated the additional records into the medical evidence of record but denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

Plaintiff filed the instant action on July 10, 2012, and on July 26, 2013, the parties appeared for oral argument. Plaintiff argues the ALJ's decision is not supported by substantial evidence and should be reversed and remanded because the ALJ improperly discounted the treating source opinions of record and improperly afforded the state agency medical consultant's opinion more weight. Plaintiff also argues the ALJ erred in assessing Plaintiff's RFC because the RFC fails to account for all of her mental limitations and is not adequately supported.

**DISCUSSION**

**A. The ALJ's Decision to Afford "Little Weight" to the Treating Source Opinions of Record and to Afford "Some Weight" to the Opinion of the Non-Examining State Agency Medical Consultant Is Supported by Substantial Evidence.**

Social Security regulations require the ALJ to consider medical source opinions when assessing a disability claimant's RFC. *See* 20 C.F.R § 404.1527(b). Medical source opinions are statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments. *See* 20 C.F.R. § 404.1527(a)(2). In considering the medical source opinions, the ALJ must consider several factors. These include whether the medical source examined the claimant; whether the medical source was a treating source; the length, nature, and extent of the medical source's treatment of the claimant; the evidence provided by the medical source in support of her opinion; the consistency of the medical source's opinion with the evidence of record as a whole; the medical source's specialty; and any other factors that support or contradict the medical source's opinion. *See* 20 C.F.R. § 404.1527(c).

If a treating source medical opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be afforded "controlling weight." 20 C.F.R. § 404.1527(c)(2). However, such an opinion is not automatically controlling. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (treating source opinion "does not automatically control in the face of other credible evidence on the record that detracts from that opinion" (internal quotation marks omitted)). An ALJ may discount the opinion of a treating physician if it is inconsistent with the physician's clinical treatment notes. *Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010) (citing *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009). It is also permissible for an ALJ

to discount a treating physician's opinion that is inconsistent with the record as a whole. *See id.* at 931 (citing *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) ("If the doctor's opinion is inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight.")). "'When an ALJ discounts a treating physician's opinion, he should give good reasons for doing so.'" *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) (quoting *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007)).

### 1. The ALJ Sufficiently Articulated Her Reasons for Discounting the Opinions of Plaintiff's Treating Sources.

Here, Plaintiff argues that the ALJ erroneously failed to discuss her evaluation of the appropriate factors required under Social Security regulations in determining the weight to give opinions of Plaintiff's psychiatrist (Dr. Robin Park), therapist (Bonnie Schwender) and psychologist (Dr. Nancy Fawcett). Plaintiff posits this failure makes it difficult to determine whether the ALJ applied the required factors properly, if at all. However, as the Commissioner points out, although the ALJ did not explicitly discuss every factor of 20 C.F.R. § 404.1527(c) in evaluating the opinions of Plaintiff's treating sources, the ALJ was not required to do so. *Derda v. Astrue*, No. 4:09CV01847 AGF, 2011 WL 1304909, at *10 (E.D. Mo. Mar. 30, 2011) ("While an ALJ must consider all of the factors set forth in 20 C.F.R. § 404.1527[], he need not explicitly address each of the factors."). Failure to discuss each factor does not mean the ALJ did not consider them. *Cf. Wheeler v. Apfel*, 224 F.3d 891, 895 n. 3 (8th Cir. 1998) (the ALJ need not discuss every piece of evidence submitted, and failure to discuss certain evidence does not mean that it was not considered).

With respect to Dr. Park, the ALJ stated that she was giving Dr. Park's opinion "little weight" because it was inconsistent with her own treatment notes. The ALJ also stated that she afforded "little weight" to Dr. Schwender's opinion because (i) it appeared to be based heavily

on the subjective report of symptoms and limitations provided by Plaintiff and (ii) it was

inconsistent with the record as a whole, especially in light of Plaintiff's work activity and

substance abuse after the disability onset date. Finally, the ALJ stated she afforded "little

weight" to the opinions expressed in the Mental Medical Source Statement and letter from Dr.

Fawcett because those opinions are contrary to the objective medical evidence and the treatment

notes as a whole. The ALJ also discounted Dr. Fawcett's opinion because she found her

assessment that Plaintiff was disabled and unable to work was completely unsupported by

objective medical evidence and involved an issue reserved for the Commissioner.

As the cases cited in the Commissioner's brief demonstrate, the reasons given by the ALJ

for discounting the opinions of these three treating sources are all appropriate reasons that have

been recognized by the Eighth Circuit as a valid basis for discounting the opinion of a treating

source. I find no error on this point, because in deciding to afford "little weight" to Plaintiff's

treating sources, the ALJ explicitly discussed those factors most relevant to the opinions of

Plaintiff's treating sources. As such, the dispositive question is whether the reasons articulated

by the ALJ for discounting the treating source opinions are supported by substantial evidence.

### 2. The ALJ's Decision to Afford Little Weight to the Treating Sources Is Supported by Substantial Evidence.

"Substantial evidence is 'less than preponderance, but enough that a reasonable mind

might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063

(8th Cir. 2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009)). In determining

whether substantial evidence supports the Commissioner's decision, the Court considers both

evidence that supports that decision and evidence that detracts from that decision. *Id.* Although

the Court must consider evidence that both supports and detracts from the Commissioner's

decision, an administrative decision is not subject to reversal simply because some evidence may

support the opposite conclusion. *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008). A Court should disturb the ALJ's decision only if it falls outside the available "zone of choice," and a decision is not outside the zone of choice simply because the Court may have reached a different conclusion had the Court been the finder of fact in the first instance. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). *See also McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, the Court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the Court] may have reached a different outcome").

For the reasons discussed at length in the oral decision on the record, I find that the ALJ's decision to afford little weight to the treating sources is supported by substantial evidence.

### 3. The ALJ's Decision to Afford "Some Weight" to the State Agency Consultant Is Supported by Substantial Evidence.

Plaintiff argues that the ALJ erred in considering the opinion of State agency reviewing physician Joan Singer, Ph.D., because the ALJ did not explain which specific evidence supported Dr. Singer's opinion or why Dr. Singer's opinion outweighed the opinions of Ms. Schwender and Drs. Park and Fawcett. *See* Pl.'s Br. at 13. It was Dr. Singer's opinion that Plaintiff had, at most, moderate limitations in mental functioning and that she could perform simple, repetitive tasks on a sustained basis (Tr. 471-73). The ALJ properly acknowledged that Dr. Singer was a non-examining source whose opinion generally does not deserve as much weight as the opinion of an examining or treating source. (Tr. 29). However, the ALJ afforded Dr. Singer's opinion "some weight," noting that there existed a number of other reasons in the record to reach conclusions similar to hers. These included a number of the reasons set forth in the oral decision and in the Commissioner's brief, including Plaintiff's daily activities, efforts to find work,

6

continued collection of unemployment benefits, and treatment findings (Tr. 24-28). For the

reasons stated on the record, the ALJ properly considered Dr. Singer's opinion.

## B. The ALJ's RFC Determination Is Supported by Substantial Evidence and Complies With Applicable Law.

Plaintiff argues that the ALJ erred in assessing her RFC because the RFC does not

account for all of her mental limitations and is not adequately supported. *See* Pl.'s Br. at 14-15.

Specifically, she alleges that her RFC does not account for her difficulties in concentration or the

other limitations assessed by her treating sources. *See id*. at 14-15. She also alleges that her

RFC does not account for her difficulty performing low-stress work and that the ALJ failed to

provide a narrative discussion citing specific evidence supporting each of the assessed limitations

as required by Social Security Ruling (SSR) 96-8p. *See id*.

Contrary to Plaintiff's argument, for the reasons stated on the record in open court, the

ALJ did provide a narrative discussion in assessing Plaintiff's RFC. The ALJ discussed

Plaintiff's daily activities, her efforts to find work, her continued collection of unemployment

benefits, and the efficacy of her treatment. (Tr. 24-28). The ALJ also discussed the medical

source opinions and the reasons why she accepted or rejected these opinions, as addressed above.

(Tr. 28-29). Although the ALJ did not go limitation by limitation and describe the specific

evidence that supported each limitation, this is not required. *See e.g.*, *McCoy v. Astrue*, 648 F.3d

605, 615 (8th Cir. 2011) ("McCoy also argues that the ALJ erred by failing to make explicit

findings regarding McCoy's ability to stoop, stand, walk, handle, and reach. We review the

record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we

do not require an ALJ to mechanically list and reject every possible limitation"). *See also Jones*

*v. Astrue*, No. 4:10 CV 3 DDN, 2011 WL 4445825, at *9 (E.D. Mo. Sept. 26, 2011) ("The ALJ

need not provide a narrative discussion immediately following each statement of an individual

limitation in the RFC, if the court can otherwise discern the elements of the ALJ's decision-making. Moreover, the ALJ is not required to make explicit findings for every aspect of the RFC." (citations omitted)).

In addition, notwithstanding Plaintiff's arguments to the contrary, the ALJ's decision accounted for limitations relative to her difficulty with concentration by including those limitations in the hypotheticals posed via interrogatory to the Vocational Expert.

Finally, although Plaintiff's RFC does not include all of the limitations assessed by her treating sources, the ALJ properly rejected these limitations. An ALJ is not required to include limitations in the RFC the ALJ properly rejects. *See Howe v. Astrue*, 499 F.3d 835, 840-41 (8th Cir. 2007); *see also Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) ("[T]he ALJ may exclude any alleged impairments that she has properly rejected as untrue or unsubstantiated."). The ALJ's RFC finding is supported by substantial evidence and should be affirmed.

## CONCLUSION

In sum, for all of the foregoing reasons and the reasons detailed on the record following the hearing on July 26, 2013, the Commissioner's decision denying benefits is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum Opinion.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of July, 2013.